■ AIDA MARTI, Individually and as Mother and Natural Guardian of ANNETTE MARTI, an Infant, Respondent, v NEW YORK CITY HOUSING AUTHORITY, Appellant. [597 NYS2d 9] — Order, Supreme Court, Bronx County (Douglas McKeon, J.), entered March 23, 1992, denying defendant's motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs or disbursements, and the motion granted. The Clerk is directed to enter judgment in favor of defendant-appellant dismissing the complaint.

The infant plaintiff, eight years of age at the time, suffered a fracture of the right arm on July 22, 1983, when she allegedly fell from a "monkey bar" at a New York City Housing Authority playground. Her notice of claim alleged that she was "caused to fall on broken, dilapidated[,] cracked, uneven wooden play bars and boxes located in said playground area." At the statutory hearing, plaintiff indicated that she sustained her injury on a rubber mat after she had fallen from the monkey bar. Later in that same hearing she indicated that she was caused to fall when she tripped over a wooden block. After commencement of this action, plaintiff

alleged in a bill of particulars that she had fallen "from monkey bar on to uneven[,] broken, dilapidated, cracked[,] uneven wooden play bars and boxes, and worn and torn rubber matting." Later, during her deposition, plaintiff testified that she fell from the middle of the monkey bars onto a wooden block, landing on her knee, which became caught in a hole in the block. In attempting to remove her knee she slipped and fell. In a second supplemental bill of particulars, plaintiff alleged that she "was in the process of descending from monkey-bars and her foot caught in a hole in a wooden block and/or box and/or wooden step." The hole is depicted in a photograph, produced by plaintiff, which shows three square wooden posts, the tallest of which reveals, in one of its corners, what appears to be a chiseled-out depression. An architect's drawing of the play area indicates that the monkey bars and the wooden block are, at their closest point, nearly eight feet apart. Another photograph shows the existence of permanently stacked timbers, which present a five-foot high barrier, between the monkey bars and the wooden blocks.

It was error to deny the Housing Authority's motion for summary judgment dismissal. Contrary to the IAS Court's finding, the infant plaintiff's "confusing" testimony does not present a mere question of credibility. Despite her ever changing story over these past eight years, plaintiff is unable to provide any plausible explanation, sufficient for submission to a trier of the facts, as to how a hole in a wooden block nearly eight feet away caused her injury when she fell from the monkey bar. Even without the advantage of seeing the witness, a court is not required to give credence to a story so inherently improbable as to leave no doubt that it is not true. (Annunziata v Colasanti, 126 AD2d 75, 80.) It would seem that this is a case of an accident and an injury badly in need of a theory of liability, which plaintiff has yet to discern. Since, on this record, plaintiff has failed to establish causation, we need not reach the Housing Authority's other point, i.e., lack of notice. Concur—Sullivan, J. P., Milonas, Ross, Kassal and Rubin, JJ.